UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey S. Deitsch, Jr.,                  Case No. 3:22-cv-00433

        Plaintiff

v.                                     MEMORANDUM OPINION
                                        AND ORDER

Defiance County Promedica Hospital,

        Defendant

## I. INTRODUCTION

*Pro se* plaintiff Jeffrey S. Deitsch, Jr., filed this action against Defiance County Promedica Hospital ("Promedica Hospital") (Doc. No. 1). For the reasons stated below, I dismiss the Complaint pursuant to 28 U.S.C. § 1915(e).

## II. BACKGROUND

On March 17, 2022, Plaintiff filed this *in forma pauperis* action against Defiance County Promedica Hospital alleging medical practice. Plaintiff states that on March 22, 2021, he was transported from the Corrections Center of Northwest Ohio ("CCNO") to Promedica Hospital for the removal of a ring from his right hand. He states that while under the care of the hospital's medical staff, the CCNO's Commander used an unsterilized screwdriver to pry the ring off his hand while two corrections officers held him down. Plaintiff claims that "Promedica staff" should not have permitted "just anybody" to perform this medical procedure. (*See* Doc. No. 1 at 4). He alleges this conduct is "wrongful malpractice" and cruel and unusual punishment. (*Id.*).

## III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d

652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## IV. ANALYSIS

Plaintiff appears to allege that Promedica Hospital committed medical malpractice when it permitted an individual who was not a member of its medical staff to remove a ring from Plaintiff's

2

finger using an unsterilized screwdriver. This Court has no jurisdiction to address Plaintiff's medical malpractice claim.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his or her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at

3

*1 (6th Cir. Sept. 16, 2003). Here, the complaint suggests that the plaintiff and the defendant are citizens of Ohio. Therefore, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se*, and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. This claim is a medical malpractice action based on Ohio law. Even with the Court's liberal construction, Plaintiff fails to properly identify a federal question. Accordingly, there is no indication in the complaint that this Court has subject matter jurisdiction to entertain this claim.

In any event, Plaintiff's medical malpractice claim does not rise to a constitutional violation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d

4

59 (1981). The Eighth Amendment therefore prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

To state a claim for violation of the Eighth Amendment, Plaintiff must allege facts suggesting Defendant was deliberately indifferent to his condition. *Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Deliberate indifference "entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

To establish deliberate indifference, a plaintiff must demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). Allegations of negligence are not enough to state a constitutional violation. *Farmer* at 835-36.

Consequently, medical malpractice under state tort law does not amount to constitutional "deliberate indifference" within the meaning of the Eighth Amendment. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549-50 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle* at 106. A doctor's exercise of medical judgment, even if incorrect, does not constitute deliberate indifference to an inmate's serious medical needs. *Id.* at 107 (the issue of whether a doctor should have ordered certain diagnostic tests or forms of treatment is a "classic example" of the exercise of medical judgment and does not constitute cruel and unusual punishment even when an inmate identifies a number of medical options that were not pursued and would have led to an appropriate diagnosis and treatment for the daily pain he was suffering).

Plaintiff therefore fails to state a plausible Eighth Amendment claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons stated above, I dismiss this action in its entirety under 28 U.S.C. § 1915(e)(2)(B).

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                    United States District Judge